UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID STOCCK,

    Plaintiff,

v.

JUDGES, CIA, and
STATE OF MICHIGAN,

    Defendants.
_____/

Case No. 1:20-cv-162

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff David Stocck.[1] For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Discussion**

    **A.**    **Complaint**

Plaintiff, a resident of Allen Park, Michigan, filed the following one-paragraph complaint against "Judges, CIA, State of Michigan":

> I was raped two times with DTE's chemicals and put on video tape. The State of Michigan hit me with hormone in the courtroom three times. I am stuck and locked on those chemicals and have been for 28 years for a CIA and State of Michigan [unintelligible] for sex. I did not do anything wrong in sex but I was [unintelligible] as a kid at the age of 3 years old. I would need instructions to take my self off of these chemicals and I do need a court date. I have a lot of problems and do not have a choice but to get a court date.

PageID.1.

---

[1] Plaintiff's handwritten surname is difficult to read. Sometimes it appears as "Stocck" and other times as "Storck".

### B. Lack of jurisdiction

The Court should dismiss this complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiffs' cursory complaint is largely unintelligible. It refers to something that happened to him 28 years ago and something else that happened to him when he was a three-year-old child. Plaintiff's complaint is devoid of merit because it does not allege a federal claim. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (dismissal for lack of subject-matter jurisdiction is appropriate when a complaint is so "completely devoid of merit as not to involve a federal controversy"); *Apple*, 183 F.3d at 479. Accordingly, this action should be dismissed for lack of jurisdiction. *See Apple*, 183 F.3d at 479; Fed. R. Civ. P. 12(b)(1).

### II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiffs' complaint be **DISMISSED**.

Dated: April 9, 2020                                /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).